IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA NELSON;<br><br>    Plaintiff,<br><br>v.<br><br>JO ANN BUECHLER, LENA EDENTON, SALT LAKE COUNTY, and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:18-cv-00189-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a motion to dismiss brought by defendants Jo Ann Buechler and Lena Edenton. [Docket 37]. The court GRANTS the motion and dismisses plaintiff Lisa Nelson's claims against these defendants.

## BACKGROUND[1]

Nelson, Buechler, and Edenton worked for Salt Lake County. In 2003, a personal dispute developed between Nelson, on one side, and Buechler and Edenton, on the other. Nelson alleges that between 2003 and 2005, Buechler and Edenton lodged a number of official complaints against her, erroneously claiming that Nelson had engaged in time-card fraud. In June 2005, Nelson received approval to transfer to a different department with better career opportunities. But Buechler, who then worked in the auditor's office held up the transfer paperwork for a period of

---

[1] For the purpose of this motion to dismiss, the court accepts as true the allegations contained in the operative complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

time. In September 2005, Nelson lodged a complaint against Buechler and Edenton. Buechler's and Edenton's supervisors instructed them to stop their harassing behavior.

In 2009, the associate director of human resources approached Nelson and showed her a letter detailing time-card fraud allegations made against Nelson by Buechler and Edenton between 2003 and 2009. The letter was addressed to Buechler's supervisor. The associate director told Nelson that the human resources department believed that Buechler had unfairly targeted Nelson. Buechler's supervisor again told her to stop harassing Nelson and restricted Buechler's access to Nelson's time cards. At some indeterminate point in time, Edenton approached Nelson at work and told her that Edenton hated her because "cute, skinny blonde cheerleader types made her life hell growing up."

In 2013, Nelson and Buechler began to work together as team members on a software implementation project. Initially, Nelson and Buechler worked well together. But in April 2015, Edenton transferred into Buechler's department and began to work directly under Buechler. At that time, "the atmosphere and mood of the of the office changed." Complaints against Nelson were lodged from the payroll department, which consisted of Buechler, Edenton, and two other employees. At work meetings, Buechler also mentioned incidents related to past allegations of time-card abuse. These events in 2015 caused Nelson to experience a great deal of stress and anxiety.

In December 2015, a consultant mentioned generally the issue of time-card fraud at a work meeting attended by Nelson, Buechler, and Edenton. Buechler and Edenton, who were seated in front of Nelson, turned around and looked back at her when the topic of time-card fraud was mentioned. Nelson had a panic attack and left the meeting. Due to her impaired mental state caused by Buechler and Edenton's harassment, Nelson requested leave from work under the Family and

Medical Leave Act of 1993. She later applied for and received long-term disability benefits. But in April 2017, Salt Lake County forced Nelson to retire after her insurer discontinued her disability benefits.

Nelson sued Buechler, Edenton, Salt Lake County, and her long-term disability insurer. Nelson's claims against Buechler and Edenton (hereinafter, the individual defendants) arise under 42 U.S.C. § 1983. Nelson alleges that the individual defendants deprived her of her due process rights guaranteed by the Fifth and Fourteenth amendments to the U.S. Constitution. The individual defendants moved to dismiss the claims against them. They argue that they are entitled to dismissal because they did not deprive her of any procedural due process rights.

## ANALYSIS

42 U.S.C. § 1983 creates a cause of action for the depravation of a right secured by the Constitution. In her complaint, Nelson asserts that the individual defendants deprived her of procedural due process rights guaranteed by the Constitution. Courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State[;] the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

Nelson articulates three general theories of liability under her § 1983 claim against the individual defendants. *First*, she alleges that the individual defendants deprived her of her procedural due process rights associated with her public employment. Nelson claims that because the individual defendants caused her mental breakdown, which led to her extended absence from work, the individual defendants are liable for Salt Lake County's termination of her employment without due process. Nelson also asserts that the individual defendants are liable under this theory

3

because they constructively terminated her employment by creating an untenable work environment. *Second*, Nelson alleges that the individual defendants are liable because Salt Lake County terminated her in a manner that impugned her good name without providing a name-clearing hearing. *Third*, Nelson argues that the individual defendants deprived her of life and property without procedural due process. She asserts that the harassment perpetrated by the individual defendants deprived her of "life" because she suffered long-term psychological injuries. Nelson also claims that the harassment deprived her of property without due process because she had to pay into early retirement when Salt Lake County forced her out of her employment.

The individual defendants argue the § 1983 claims against them should be dismissed for two reasons. They argue that the claims should be dismissed under Rule 8(a)(2) of the Federal Rules of Civil Procedure because the complaint provides too little detail regarding what each individual defendant did and when they performed these acts. The individual defendants also argue that because the complaint does not allege that they deprived Nelson of a termination hearing, a name-clearing hearing, or any other procedure guaranteed by the Constitution, they cannot be liable.[2] Because the court finds the individual defendants' second argument to be dispositive, the court addresses only this contention.

---

[2] The individual defendants comingled these two arguments and presented them as interchangeable. The court, however, finds that they are two distinct arguments. The complaint, read as whole, provides adequate detail regarding which defendant did what. But the lack of any alleged facts showing the individual defendants' personal involvement in the purported constitutional depravations is fatal to Nelson's claims against the individual defendants.

The individual defendants also argued that, to the extent that Nelson was asserting a hostile work environment claim under § 1983, they are entitled to qualified immunity. But when Nelson clarified that she was not asserting a violation of any rights under Tile VII, the individual defendants abandoned their qualified immunity argument.

## I. NELSON ASSERTS PROCEDURAL DUE PROCESS CLAIMS

Although Nelson asserts several different theories as to how the individual defendants deprived her of her due process rights, all of these theories rest upon procedural due process claims. Nelson's claim that the individual defendants deprived her of any due process rights attendant to her public employment requires her to prove that the individual defendants denied her a termination hearing. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). "This principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Id.* (citation omitted); *accord Harjo v. Varnum Pub. Sch.*, 166 F.3d 347 at *2 (10th Cir. 1998) (unpublished table decision) ("Federal constitutional law requires only notice and a fair and impartial adversarial hearing before an employee may be permanently deprived of his property interest in employment."). Thus, an indispensable element of Nelson's employment claim is the denial of an appropriate procedure for her to challenge Salt Lake County's decision to terminate her.

Nelson's allegation that the individual defendants created an environment that amounted to constructive discharge does not relieve her of the obligation to prove that the individual defendants deprived her of appropriate procedural safeguards. A constructive discharge in itself does not constitute a violation of due process. *Lauck v. Campbell County*, 627 F.3d 805, 813 (10th Cir. 2010). In order to make out a constructive discharge claim, Nelson must also prove that the individual defendants denied her the necessary procedure associated with her constructive termination. *See id.*

Nelson's claim that she had been terminated in a way that damaged her reputation also rests upon an alleged denial of an appropriate procedure. "[I]njury to reputation by itself [is] not a 'liberty' interest protected under the Fourteenth Amendment." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). If a government employer publishes false statements harmful to an employee's good name in connection with his or her termination, due process requires only an opportunity to refute the charges through a name-clearing hearing. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 & n.12 (1972); *McDonald v. Wise*, 769 F.3d 1202, 1213 (10th Cir. 2014). Thus, Nelson must prove that the individual defendants deprived her of an adequate name-clearing hearing in order to make out a due process claim against them under this theory.

Finally, although Nelson's claim that the individual defendants deprived her of life and property through their harassing conduct is somewhat amorphous, the complaint specifies that this claim is based upon an alleged denial of procedural due process. Nelson titles this claim as "Depravation of life and property with the injuries that Ms. Nelson incurred without due process." In her response to the motion to dismiss, Nelson further clarified that "[t]his claim incorporates *the other procedural due process violations* under the 1983 claims and notes [sic] that the violations also deprived her of her [sic] of these additional rights related to life and her health." (Emphasis added).

## II. NELSON DOES NOT PLEAD FACTS SHOWING THAT THE INDIVIDUAL DEFENDANTS DENIED HER ANY PROCESS DUE

All of Nelson's due process claims require proof that the individual defendants failed to provide an adequate procedure. But Nelson does not allege facts showing that the individual defendants withheld a termination hearing, a name-clearing hearing, or any other procedure guaranteed by due process. The individual defendants were not Nelson's supervisors and there is

no allegation that either of them had any authority to terminate her or provide any sort of hearing or procedure in relation to her termination or the psychological injuries that she suffered. Instead, the complaint repeatedly alleges that Salt Lake County effected Nelson's termination by failing to accommodate her return to work. Nelson also alleged that it was the county that failed to provide a termination hearing or name-clearing hearing. In fact, Nelson concedes in her response brief that the individual defendants had no authority to provide or deny official procedures. In her brief, Nelson admits that a claim against Salt Lake County for inadequate policies and procedures could not be applied to the individual defendants: "The fifth claim relates to the policies and procedures related to long-term disability that violates [sic] the 14th amendment the policies and procedures can only be against the county. [sic] There are no facts in this cause of action that relate to the individuals and the first paragraph of the cause of action only notes the county and its policies are implicated and not the individuals."[3] In short, the individual defendants cannot be liable under Nelson's procedural due process claims because the individual defendants had no authority to provide the procedures that Nelson claims she was entitled to.

Nelson argues that the individual defendants should be held liable because their harassing behavior is linked to Salt Lake County's denial of process. She contends that the individual defendants' conduct was the but for cause of her leave of absence, which in turn led to Salt Lake County's unconstitutional denial of procedural due process rights. Nelson's but-for causation argument, however, is not supported by Tenth Circuit precedent. "A § 1983 claim requires 'personal involvement in the alleged constitutional violation.'" *Stewart v. Beach*, 701 F.3d 1322,

---

[3] Nelson's response brief also states: "There are no facts that are linked to the individuals under the fifth claim as those are related to the policies and procedures implemented by the county."

1328 (10th Cir. 2012) (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). Here, the constitutional violation is the denial of process. But the complaint is devoid of any facts suggesting that the individual defendants had a personal involvement in Salt Lake County's decisions to grant or withhold any procedure required by due process. Absent an "affirmative link" between the individual defendants' actions or inactions and the denial of a required procedure, Nelson cannot prove her procedural due process claims against them. See *Gallagher*, 587 F.3d at 1069; see also *Hileman v. N.M. Dep't of Health*, No. CV 04-803 WJ/DJS, 2006 WL 8444160, at *14 (D.N.M. May 11, 2006) (granting summary judgment in favor of individual defendants on a § 1983 claim because the defendants "played no part in the decision-making process to demote Plaintiff").

## CONCLUSION AND ORDER

The court GRANTS Jo Ann Buechler and Lena Edenton's motion to dismiss the claims against them. [Docket 37].

.

Signed April 22, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge